Caruteers, J,,
delivered the opinion of the Court.
This was an action of ,debt, brought upon a note, under seal, for $500, in Madison Circuit Court. At the appearance Term a plea in abatement was filed upon the ground that the summons to answer was served on the defendant while in attendance as a witness, under sub *472 poena, in the Circuit Court. The demurrer to this plea was overruled, and the writ abated. The plaintiff appealed to this Court.
It is conceded that the Code, § 3828, copied from the act of 1794, ch. 1, § 34, makes the matter of this plea good in abatement, but it is insisted that it is not well pleaded. The reason why any process not against the person may not be served upon a witness, is not very manifest to our minds. But the language of the act is too plain for construction; and if it were doubtful, the case of Martin v. Ramsey, 7 Hum., 260, has settled it. That was the case of the service of a subpoena to answer in Chancery, and was held to fall under the act, subject to plea in abatement.
So the only question here is, whether the matter is well pleaded. All the authorities agree that great strictness and accuracy are required in pleas in abatement, and “no latitude in practice is extended to them.” 9 Yer., 10; 10 Yer., 527. They must be in the “right form.” If they commence and conclude in bar, -the defect is fatal. 10 Hum., 506.
The plea, in this case, is in these words:
“ The said John B. Compton, in proper person, comes and defends the wrong and injury, &c., and says that he ought not to be compelled to answer the said original writ sued out in this cause, because he says that he, the said Compton, was, on the day of suing out the. said original writ and execution of the same, a witness in said Circuit Court, duly subpoened, &e.; that he was, at the time of the execution of said writ, attending his duty in said Court as a witness, and that, according to the privilege granted to him during his attendance on said *473 Court as a witness, by statute made and provided in such casos, he ought not to be compelled to answer against his will any person in any civil action prosecuted against him by original writ in said Circuit Court, sued out against him at the suit of any person whatever. And the said Compton in fact -saith that he is impleaded by said original writ as aforesaid, against his will and against the privilege granted to him by the statute made and provided in such cases; and this - he is ready to verify. Wherefore he prays judgment of said original writ sued out in this cause, and that the same may be quashed.”
We think this plea is fatally defective. Without noticing other objections, it does not show in what suit or for which party he was attending as a witness, nor, indeed, whether any suit -was then pending, or in what Court he was giving his attendance. This is certainly too vague and indefinite for a plea in abatement, where no latitude of construction is allowed, because its object is to delay or defeat right and justice, upon a strict legal privilege against or aside from the merits.' In such a case, the rule that requires the greatest strictness in making out this defence is just and reasonable. They should be certain to every intent. Bouv. Die., 17.
In Martin v. Ramsey, 7 Hum., 260, where the plea -was held to be good, it will be seen that the Court at which he was attending, the parties' to the suit, and the one for whom he was summoned, are all particularly set forth. All this, we think, is necessary to make a good plea in such a case.
The judgment overruling the demurrer will be reversed, and the case remanded for plea to the merits.